The opinion of the Court was delivered by
Glover, J.
The appellants have abandoned all the grounds in support of their motion except the third which submits that if they have committed a nuisance mandamus is not the proper remedy.
It is not necessary for the decision of this question to trace the writ of mandamus from its first institution to the present time, and to inquire how far it has been enlarged' as a remedial process to advance justice and right. Its earliest application seems to have been suggested in aid of that clause of Magna Charta which declares that “ JSFulli negabimus aut differemus justiciary vel rectum,” (10 Mod. 48). There, never has been any disposition to abridge the use of the writ of mandamus in cases where it is applicable as a remedy either by the action of the courts or by the legislature.
*253 The general doctrine so earnestly insisted on by the appellant’s counsel, that where there is a specific legal remedy, the writ will not be granted, or if granted, will be quashed, is fully sustained by reason, and by the authorities to which the Court has been referred. But this general rule has been restricted to cases where the specific legal remedy is equally convenient, complete and beneficial.
The writ of mandamus has always been regarded as an appropriate remedy to enforce the performance of duties by artificial bodies. In the case of the King vs. the Bishop of Chester, (1 T. R. 396,) Buller, J., says, “It is peculiarly the duty of this Court to see that the powers created by the king’s charter are properly exercised.” How far an indictment is a specific remedy, vías considered in the case of the King vs The Commissioners of Dean Inclosure, (2 M. & Sel. 80.) The Commissioners had neglected to obey an order of the Sessions directing them to set out a road as a public road, and it was held that indictment would not be a specific remedy, that is, such as the case demands, for it was a proceeding in poenam for the past, and not a remedy for the future. It is admitted that if indictment be equally convenient, beneficial and effectual, and such as the particular case demands, the Court will not grant the mandamus. King vs. Screven and Wye Railway Company, (2 Barn. & Al. 646.) This is not the ordinary case of an obstruction placed in a highway which may be abated as a nuisance by indictment; but the obstruction of a highway by a railway, and in the free use of both the public interest is involved. It is therefore important, that in the application of a remedy, public travel and transportation should not be stopped or checked, either on the highway or railway. “ It ought to be the concern of a court of justice to take care that whilst they are granting a remedy to one, they do not at the same time expose others to great inconveniences, and likewise that the remedy be such as may prove effectual.” (10 Mod. 48.) The relators do not require that the railway shall be destroyed? *254 but that the corporation shall exercise the powers granted in the manner prescribed by their charter,- — not that they shall he punished by fine or otherwise, but that they shall do their duty to the public. This is a reasonable request, and cannot be enforcéd by indictment without exposing the Railway Company to great inconvenience, and in the end it would not prove such a remedy as the .case demands. Corporate bodies must be compelled in the performance of their duties to discharge their public obligations.
This Court is of opinion that a writ of mandamus is an appropriate remedy to compel the defendants in crossing “ rivers or other water courses,” to pursue the mode prescribed by their charter. The other grounds having been abandoned, the Court has not considered the questions which they suggest. Since the writ of mandamus was granted an Act has been passed by the General Assembly, and has been brought to' the notice of the Court, which declares, “ that the existing structure of said railway at the points of intersection of said road with the creeks known as New Market and Yardell’s Creeks, is hereby declared to -be lawful, and the said Company is hereby authorized to cross said creeks without draw-bridges or other provision for the navigation of the same.” This enactment necessarily supersedes the writ. It is therefore ordered, that the motion be dismissed, and that all further proceedings on the writ be restrained.
O’Neall, Wardlaw, Withers, Whitner and Munro, JJ., concurred.

Motion dismissed.